## Lica Parker & another *vs.* Bridgeport Insurance Company.

In a policy of insurance upon a saw-mill, the assured covenanted " that the representation given in the application for this insurance contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property insured, so far as the same are known to the assured and material to the risk; and that if any material fact or circumstance shall not have been fully represented, the risk hereupon shall cease and determine, and the policy be null and void." The applicant, to a question "Is a watch kept upon the premises during the night? Is any other duty required of the watchman than watching for the safety of the premises?" answered, " A good watch kept; men usually at work. Watchmen work at the saws;" and answered in the negative this question: " Is the building left alone at any time after the watch-- man goes off duty in the morning till he returns to his charge in the evening?" In fact, no watch was ever kept on the premises after twelve o'clock on Saturday night, or at all on Sunday night, other than the workmen sleeping there, who were instructed to and habitually did examine the mill with reference to fires before going to bed; and the fire occurred on Sunday night, when no one was on the premises. *Held,* that the term " good watch " must be interpreted to mean " suitable " or " proper watch "; and that it was for the jury to decide whether the watch kept was a suitable and proper one, and whether the risk was affected by the watch actually kept, as compared with the one stipulated for.

Action of contract on a policy of insurance upon machinery and stock in a saw-mill at Winchester, in which the insured covenanted " that the representation given in the application for this insurance contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property insured, so far as the same are known to them and material to the risk; and that if any material fact or circumstances shall not have been fully represented, the risk hereupon shall cease and determine, and the policy be null and void."

The application contained printed interrogatories and answers written opposite them, which stated that the mill was driven by water power only, and among which were the following:

" 2. What kind of goods are made and of what material? Are wood-shavings made on the premises? and if so, are they cleared out of the building every night? "

" Mahogany sawing and knobs turned. Very few shavings made. Cleared out every night."

" 16. Is a watch kept upon the premises during the night? Is there a good watch clock? Is any other duty required of the watchman than watching for the safety of the premises? Is the building left alone at any time after the watchman goes off duty in the morning, till he returns to his charge in the evening?"

" A good watch kept. Men usually at work.

" Watchmen work at the saws."

" No."

At the trial in the superior court of Suffolk at November term 1856, it was in evidence that "there was no watch ever kept in the mill on Saturday night after twelve o'clock, or on Sunday night at all, after the date of the application to the time of the fire, other than the workmen sleeping there, who worked at the saws, and who were instructed to examine, and were in the habit of examining, the mill with reference to fires before going to bed; that the fire by which the property insured was destroyed occurred on Sunday evening about ten o'clock, and that when the fire occurred neither of the persons who usually slept in the building was upon the premises, but they were in a dwelling-house near by."

*Abbott,* J. ruled " that it was the duty of the plaintiffs to have a person in the mill, whose employment it was to keep a good watch in the building, during the whole of Saturday and Sunday nights, although in addition to the duty of watching, he might be employed about other work; and the keeping such workmen to sleep there, though with a view to greater security than would exist if there was no one there, was not a good watch or substantial performance of said duty; that a failure to substantially perform said duty would bar a recovery; and that evidence of the usage in other like mills not to keep such a watch on Sunday nights and on Saturday nights after twelve o'clock was not admissible to affect the case in this respect;" and also ruled, *"pro forma,* in order to carry up the point, that it was the duty of the plaintiffs to keep some person upon the

premises during the whole of the daytime of Sunday, and that a customary absence of all persons during the hours of divine service, would be a breach of duty which would bar a recovery." A verdict was taken for the defendants, and the plaintiffs alleged exceptions.

*C. P. Judd,* for the plaintiffs, cited *Crocker* v. *Peoples' Mutual Fire Ins. Co.* 8 Cush. 79; *Jones Manuf. Co.* v. *Manufacturers' Mutual Fire Ins. Co.* 8 Cush. 84; *Underhill* v. *Agawam Mutual Fire Ins. Co.* 6 Cush. 440; *Houghton* v. *Manufacturers' Mutual Fire Ins. Co.* 8 Met. 114; *New York Firemen Ins. Co.* v. *Walden,* 12 Johns. 513; *Ruggles* v. *General Interest Ins. Co.* 4 Mason, 81; *Curry* v. *Commonwealth Ins. Co.* 10 Pick. 540; *Dorr* v. *Fenno,* 12 Pick. 529 : *Jefferson Ins. Co.* v. *Cotheal,* 7 Wend. 82 : *Percival* v. *Maine Ins. Co.* 33 Maine, 249.

*B. Sanford,* for the defendants, cited *Houghton* v. *Manufacturers' Mutual Fire Ins. Co.* 8 Met. 114; *Glendale Woollen Co.* v. *Protection Ins. Co.* 21 Conn. 19; *Sheldon* v. *Hartford Fire Ins. Co.* 22 Conn. 235.

SHAW, C. J. Although the condition or defeasance upon which the defendants rely is put into the form of an express stipulation on the part of the assured, inserted in the policy, and declaring that, in case of a misrepresentation in a matter known to the assured and material to the risk, it shall be void; this is little, if anything, more than the law itself would declare, in case of such false representation proved.

The alleged false representation is contained in the answer to the sixteenth question in the application. It is difficult to determine what is meant by the first part of that answer. One inquiry is not answered at all — that respecting the watchclock. The inquiry was, " Is a watch kept upon the premises during the night?" The answer certainly fell short of answering affirmatively to the whole question, that is, that a watchman is kept there during the whole night, or during every night. And it does not aver that any watchman is engaged, distinct from workmen. There being nothing but the term " good" applied, " a good watch," our opinion is, that it is equivalent to " suitable," " proper," adapted to the exigency of the

case. The inquiry is not as to watchman, or watchmen ; the more generic term " watch " embracing the various modes of watching such a factory. It was a factory the machinery of which was driven by water; no steam was used; it was not a manufactory of metals, or one that required the use of fire.

Upon an examination of the bill of exceptions, it appears to us, that there were several points ruled positively as matter of law, which should have been left to the jury ; and this on several grounds.

In the first place, if there was not an absolute stipulation that a watch should be kept during the whole of every night in the week, such a watch as would be necessary and proper to the safety of such an establishment against fire, then it was a question of fact whether the watch actually kept was or not a good and suitable watch. *Crocker* v. *Peoples' Mutual Fire Ins. Co.* 8 Cush. 79.

If there is a real difference between the requirement of a watch, immediately after a working day, and Sunday, which is a day of rest, then a watch might be deemed good and adequate on Sunday night, which might not be after a working day. The causes of danger of fire in a factory, we suppose, are lamps and stoves, after work is done ; friction, arising from the great velocity and irregular action of working machinery ; spontaneous combustion ; incendiaries; and lightning. The last, of course, no watch would affect; the three first, perhaps the greatest, would be likely to disclose themselves within a few hours after the close of work, and therefore would seem to exist in a less degree on Sunday night. If there was ground to except Saturday night, when the workmen, charged as watchmen, examined the premises after the close of business, having an interest in the safety of a building in which they slept ; or if there was ground to except Sunday night, after a day in which no work had been done ; then it was incorrect to charge the jury, that it was the duty of the assured to have a person to keep a good watch in the building during the whole of Saturday and Sunday nights, otherwise they could not recover.

But suppose the sixteenth question and answer, by their proper

26 *

construction, could be held to be a representation that the plain-tiffs had been accustomed to keep, and would in future keep, a watch on the premises every night during the week, including Sunday and Saturday, still the stipulation that this was a just and true exposition is not absolute, but only *sub modo ;* the con-tract is, that is, so far as they are known to the assured, and are material to risk. The question therefore is, not only whether the assured was substantially to comply with his stipulation that the representation is true and just, but whether such com-pliance was material to the risk. This is a question of fact, to be decided by the evidence.

The insurer may prescribe any conditions to his undertaking, that he pleases, and if he makes insurance on condition that a constant watch shall be kept on the premises, otherwise the policy shall cease and be void, then if the assured fails to com-ply with the conditions, his policy is to cease, and no question can be made whether compliance affected the risk in any way. But when such condition is qualified by the limitation, that it is a failure dependent on the question whether it is material to the risk, it opens that question in each particular case.

*Exceptions sustained*